1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  433 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@com.cast

5
   ATTORNEY FOR PLAINTIFF AND
6  THE PUTATIVE CLASS

FILED
2010 AUG 31 P 3:03
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FERDINANDO M. TOLIAO, individually and on behalf of all others similarly situated, | Case No. CV-10 3905 |
| Plaintiff, | CLASS ACTION |
| v. | COMPLAINT FOR VIOLATION OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS |
| JAFFE & ASHER LLP, | |
| Defendants. | DEMAND FOR JURY TRIAL |

## I. NATURE OF THE ACTION

1. This is a class action challenging the collection practices of Defendant, a debt collection law firm that violates the Federal and California Fair Debt Collection Practices Act.

2. The practices challenged in this action include the following:

   a) failure to provide the information required by 15 U.S.C. § 1692(a)(3), and

   b) failure to provide the debtor-notice mandated by Civ. Code § 1812.700(a) in the type-size required by Cal. Civ. Code § 1812.701(b).

## II. JURISDICTION AND VENUE

3. Jurisdiction in this Court is conferred by 15 U.S.C.§ 1692k(d), and 28 U.S.C. § 1331. Supplemental jurisdiction is conferred by 15 U.S.C. § 1367. Declaratory relief is available

1  under the authority of 28 U.S.C. § 2201. Venue is proper in this district because Plaintiff resides
2  in this district, Defendant transact business in this district and Defendants' collection letter was
3  received in this district.

### III. PARTIES

4. Plaintiff, FERDINANDO M. TOLIAO ("Mr. Toliao)is an adult person and a resident of this district. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and incurred a consumer debt as defined by Civ. Code § 1788.2(f).

5. Defendant JAFFE & ASHER ("J&A") is a law firm in the business of collecting consumer debts by the use of the mails and telephone. It is a debt collector as defined by 15 U.S.C. § 1692a(6) and Civ. Code § 1788.2(c). Defendant J&A does business from 600 Third Avenue, New York, NY 10016-1901. Service of legal process is made on Sanford S. Asher, its principal officer, at the aforesaid address.

6. The Defendant described above is hereafter referred to as J&A or Defendant unless otherwise stated.

7. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

### IV. FACTUAL ALLEGATIONS

**A. Violation of the Federal Fair Debt Collection Act, 15 U.S.C. § 1692g(a)(3)**

8. Some time ago, Plaintiff entered into a credit transaction with American Express (a non-party) with an account number ending in 1000 ("the account").

9. Plaintiff used the account to purchase consumer goods for his personal and family needs.

10. On or about August 17, 2010, Defendant sent its initial collection letter to Plaintiff. The letter is a form letter and is attached as Exhibit A. The letterhead reads:

**JAFFE&ASHER LLP**
**ATTORNEYS AT LAW**

11. The letter then states:

**An opportunity to put your debt behind you
Call 1-888-625-9895**

12. The letter references a debt to American Express as:

**Re: American Express Acct. No. 371275318041000
J&A File No. 78618**

13. The letter is addressed:

**Dear Sir or Madam:**

14. In the first paragraph of the letter, the Defendant describes itself and mission thusly:

**We are outside counsel to American Express and have been asked to contact you regarding the unpaid balance on the above referenced account. Your current balance is $7,468.75.**

15. The next paragraph states Defendant's message from its client regarding "payment options" stating:

**We wish to inform you that American Express has created a wide range of payment options. We are ready to help you choose the best option. Please call me toll free at 1-888-625-9895 so that I can develop a full appreciation of your situation and help create a solution for you.**

16. Although Defendant J&A describes itself as "outside counsel" to American Express, J&A is a debt collector as defined by 15 U.S.C. § 1692a(6).

17. Pursuant to 15 U.S.C. § 1692g(a), Defendant J&A is required to make certain disclosures to Plaintiff. As relevant in this action, the statute requires that "[A] debt collector shall, unless the following information is contained in the initial communication" send the consumer a written notice containing the following information. The information includes that required by 15 U.S.C. § 1692g(a)(3) which requires the following:

**Unless you Ferdinando M. Toliao, within thirty days after receipt of this notice dispute the validity of the debt or any portion thereof as described above, the debt will be assumed to be valid by the debt collector Jaffe & Asher LLP.**

18. Defendant J&A fails to provide a statement with the information required by 15 U.S.C. § 1692g(a)(3). Defendant J&A instead copies the statute and fails to provide a description of the party to whom the presumption of validity will apply. J&A states:

> This is an attempt to collect a debt and any information obtained from you will be used for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days from your receipt of this letter, the debt will be assumed to be valid by us.

19. Defendant, in its initial collection letter, fails to provide the information required by 15 U.S.C. § 1692g(a)(3) and thereby violates a provision of the FDCPA subjecting J&A to civil liability pursuant to 15 U.S.C. § 1692k.

**B. Violation of California Fair Debt Collection Practices Act Civ. Code § 1812.700**

20. Pursuant to California law, a debt collector must give the consumer notice of the consumer's right and limitations on the debt collector's conduct, Cal. Civ. Code § 1812.700(a). The right must be given at least in the same type-size as that used to inform the debtor of the debt (Civ. Code § 1812.701(b)).

21. Defendant fails to give the notice in the manner required by California law (See Exhibit A); Defendant violates the California Fair Debt Collection Practices Act as stated at Cal. Civ. Code § 1812.702.

### V. FIRST CLAIM FOR RELIEF - VIOLATION OF THE FDCPA
### (Failure to Effectively Convey Plaintiff's Validation Rights)

22. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

23. Defendant's violations include, but are not limited to, 15 U.S.C. §§ 1692g(a) and 1692 g(a)(3) as alleged in the aforesaid factual allegations.

### VI. SECOND CLAIM FOR RELIEF - VIOLATION OF THE CAFDCPA
### (Failure to Provide Notice to Consumer in Required Type-Size)

24. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

25. Defendant violates Cal. Civ. Code § 1812.701(b) by failing to provide the notice required by Cal. Civ. Code § 1812.700(a) in the type-size required by Cal. Civ. Code § 1812.701(b) (See Exhibit A).

### VII. CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

27. The class consists of (a) all natural persons in California (b) to whom defendant sent a letter in the same of similar forms represented by Exhibit A to California consumers, (c) which letter was sent on or after a date one year prior to the filing of this action.

28. Plaintiff alleges on information and belief based on Defendant's use of a form letter that the class is so numerous that joinder of all members is impractical. On information and belief there are more than forty (40) class members.

29. There are questions of law and fact common to the class, which common questions predominate over any questions involving only individual class members. The principal question is whether Defendant's letter in the same or similar form of Exhibit A violate the Federal FDCPA and California FDCPA as alleged in Plaintiff's first and second claims for relief.

30. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class actions involving unlawful practices under the Federal FDCPA and California FDCPA. Neither Plaintiff nor Plaintiff's counsel has any interests which would cause them not to vigorously pursue this action.

32. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

   a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

   b. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

34. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated requests of this Court the following monetary and equitable relief:

35.

    A.    An Order certifying that the action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and Plaintiff's undersigned counsel to represent the Class.

    B.    Pursuant to 15 U.S.C. § 1692k(a)(2)(B) statutory damages of (a) $1,000.00 for the named Plaintiff and (b) a sum not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendant for all other class members.

    C.    Reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k(a)2(B)(3).

    D.    Such other and equitable relief as this Court may deem necessary or proper.

    E.    Attorney's fees, litigation expenses and costs; and

    F.    Such other or further relief as the Court deems appropriate

Dated: 8/24/10

/s/
Irving L. Berg,
THE BERG LAW GROUP
433 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF AND PUTATIVE CLASS

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: 8/24/10

/s/
Irving L. Berg

**EXHIBIT A**

# JAFFE & ASHER LLP

ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
TOLL FREE (888) 625-9895
FAX (212) 687-3601

DIRECT EXTENSION: 2605

ESTABLISHED 1974

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6174 (FAX)

August 17, 2010

Ferdinand Toliao
C/O The Berg Law Group
145 Town Center Pmb 493
Corte Madera, CA 94925

**An opportunity to put your debt behind you
Call 1-888-625-9895**

Re:   American Express Acct. No. 371275318041000
      J&A File No. 78618

Dear Sir or Madam,

We are outside counsel to American Express and have been asked to contact you regarding the unpaid balance on the above referenced account. Your current balance is $7,468.75.

We wish to inform you that American Express has created a wide range of payment options. We are ready to help you choose the best option. Please call me toll-free at 1-888-625-9895 so that I can develop a full appreciation of your situation and help create a solution for you.

This is an attempt to collect a debt and any information obtained from you will be used for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days from your receipt of this letter, the debt will be assumed to be valid by us.

If you notify the undersigned in writing within thirty (30) days from your receipt of this letter that the debt or any portion of it is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within thirty (30) days from your receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,
JAFFE & ASHER LLP

By: _____
David Conover

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov